BERTRÁN, PLAINTIFF AND APPELLANT, *v.* ALCARAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for Rescission of Contract and for Damages.

No. 1798.—Decided July 23, 1918.

CONTRACT—RESCISSION OF CONTRACT—FRAUD OR DECEIT.—The plaintiff in this case contends that the subject-matter of the contract as described therein

was not what the defendants were going to convey to him and on that ground prays for the rescission of the contract. After due consideration it was held that while there was perhaps some proof from which the inference might be made that the defendants knew that the plaintiff thought he was buying the whole house, yet nothing amounting to fraud or deceit on the part of the defendants can be deduced therefrom, for the parties were always treating of the same property described, and the property bargained for was the specific piece of property which did not include the extra portion alluded to by the plaintiff, who also had an opportunity to verify its dimensions.

The facts are stated in the opinion.

*Mr. Francisco González* for the plaintiff.

*Mr. José de Guzmán Benítez* for the defendants.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the decision of the court below reads as follows:

"The plaintiff in this case brought an action in this court for the rescission of a certain contract entered into with the defendants, and for damages.

"The complaint alleges substantially that about the year 1914 the defendants sold to Narciso Bassó y Casañas for the sum of $1,500 a property which is described therein, reserving the right to repurchase the same; that the sale became absolute because the defendants failed to repurchase the property within the time agreed upon, but notwithstanding this fact the said Bassó agreed to reconvey the property to the defendants upon their paying the said amount; that about the month of November, 1916, the plaintiff entered into a contract with the defendants for the purchase of the property referred to in the complaint for the sum of $4,300 payable as follows: A promissory note for $2,500 payable to Blas Maldonado on December 30, 1916; a Hudson automobile valued at $800, and $1,000 in cash to be paid to Bassó upon the signing of the deed; that the defendants directed Bassó to convey the property to plaintiff Wifredo Bertrán and for this purpose Blas Maldonado, one of the defendants, took the title deed to notary Víctor Burset for the execution of the deed of purchase and sale, which was framed, and the plaintiff delivered the note and the automobile to Maldonado, the payment of the $1,000 being left pending until the time of signing the deed. The plaintiff alleges also that he bought the property referred to in the complaint for the purpose of selling it to Elpidio Agrait by which he was to make a profit of $500; that he could not make the sale to

Agrait because upon checking the measurements of the house and lot described in the complaint he found that a part of the house was built upon a space of about ten square meters of an adjoining lot belonging to the defendants and for that reason Agrait refused to purchase the property under such conditions.

"The defendants answered the complaint, admitting some of its allegations and denying others, and set up certain defenses. With the issue thus joined the case was brought to trial and both parties introduced documentary and oral evidence, whereupon the case was submitted on briefs and the court reserved its decision until today.

"It was proved that the defendants sold the property to Bassó Casañas with the reserved right to repurchase the same, as alleged in the third count of the complaint, and that the said sale became absolute because that right was not exercised in due time. It was proved also that the contract for the purchase and sale of the property referred to in the complaint was made between the plaintiff and the defendants under the conditions alleged in the fifth count, and it appears also that it was the purpose of the plaintiff in acquiring the said property to sell it to Elpidio Agrait at a profit of $500 and that he could not make such sale because Agrait discovered that the house constructed on the lot in question occupied a part of an adjoining lot. From the time of the execution of the deed of sale to Narciso Bassó with the right to repurchase, the defendants remained in possession of the property as lessees, paying $15 monthly as rent.

"According to such facts as established by the evidence, we believe that we are not considering a contract which should be rescinded at the option of the plaintiff.

"The law upon which the plaintiff appears to base his case is contained in section 1091 of the Civil Code which provides that the right to rescind obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him. This being the case, it is necessary to determine what were the obligations of the defendants towards the plaintiff with relation to the contract between them.

"It was agreed that Maldonado should negotiate the sale by Bassó to Bertrán of the houses and lot described in the third count of the complaint and that Bertrán, the purchaser, should deliver the note and the automobile and $1,500 to Bassó at the time of signing the deed.

"This was complied with by Maldonado in all its parts. As

regards Maldonado the contract was perfected—on the part of Bertrán by the delivery of the note and the automobile and on the part of Maldonado by the consent of vendor Bassó and vendee Bertrán, resulting in the drafting of the deed by the notary Burset and nothing being left pending but the signing of the deed by Bertrán. The house sold by Maldonado to Bertrán, or the property in suit, was the same one which Maldonado had sold previously to Bassó. Bertrán had an opportunity to examine the deed by which Bassó acquired the property and there is not the slightest indication in the pleadings or in the evidence that either the contract between Blas Maldonado and Wifredo Bertrán or the sale by Bassó to Bertrán was conditioned upon the sale of the property by Bertrán to Elpidio Agrait.

"It is true that upon surveying the lot in suit it was found that a part of the house thereon covered a part of another adjoining lot owned by the defendants, but it is to be observed that the contract was principally for the sale of the land and that this contains the area comprised within the boundaries by which it is described in the deeds from Maldonado to Bassó and from Bassó to Bertrán.

"We see no non-compliance with the contract whatever, and it is certain that if Agrait had bought the property Bertrán would have made no objection; therefore the refusal of Agrait to purchase the property is the only reason for the rescission of the contract as prayed for by the plaintiff."

Appellant alleges error which in its final analysis amounts to this; namely, that the evidence shows that Maldonado offered to said appellant a whole house and that what Maldonado and his wife attempted to convey to appellant was a single lot not containing the whole house. Appellant insists that the thing, the object of the contract, was not conveyed or was not being conveyed to said appellant. The Civil Code (sections 1364, 1365, 1377) is clear that the thing object of the contract must be delivered. Now, while there is perhaps some proof from which the inference might be made that Maldonado knew that Bertrán thought he was buying the whole house, yet neither the court below nor this court can find anything that amounts to fraud or deceit on the part of said Maldonado. The parties in their actual deliberations,

as the court believed and we believe, were always treating of property described in the sale with *pacto de retro* to Bassó, the uncle of appellant.    They spoke of it as a mortgage.    The thing bargained for was that specific piece of property.    Indeed, the description contained in the complaint itself of the property as sold is the farm conveyed to Bassó.    This description does not include the extra portion of the house. The property was described by metes and bounds and the appellant had the opportunity to verify its extension, as did his proposed purchaser, Agrait.    Indeed the tendency of the proof is to show that Bertrán, the appellant, or someone in his interest, carried the details of the property to be conveyed to Burset, the notary.    A legal situation is sometimes clarified by inverting the parties.    Here a slightly different contract would have to be imagined.    If Bertrán, knowing the exact status of the property, had offered to buy of the Maldonados all the land, foot by foot, that had been mortgaged or conveyed to his uncle, and the Maldonados, having bought the house in its entirety, thought that they were selling the whole, they could not compel Bertrán to take what was not clearly the subject of negotiations.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.